E-FILED
Wednesday, 10 May, 2006  03:26:48 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| KEVIN H. HULL, | ) | |
| Petitioner, | ) | |
| v. | ) | No. 06-1012 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

# **O R D E R**

Before the Court is Petitioner, Kevin Hull's Motion for Appointment of Counsel [Doc. #6]; Motion for Leave to Reply to Government's Response [Doc. #10]; and Motion for Documentation of Proceedings [Doc. #9].

**I.  MOTION FOR APPOINTMENT OF COUNSEL**

The Court's authority to appoint counsel for indigent petitioners derives from 28 U.S.C. § 1915(e)(1), which states: "The court may request an attorney to represent any person unable to afford counsel."  See Gil v. Reed, 381 F.3d 649, 656 (7th Cir. 2004).  In determining whether to appoint counsel for an indigent, this Court must make the following inquiry: "given the difficulty of the case, did [Petitioner] appear to be competent to try it himself[?]"  Greeno v. Daley, 414 F.3d 645, 658 (7th Cir. 2005) (quoting Farmer v. Haas, 990 F.2d 319, 322-23 (7th Cir. 1993)).

The Seventh Circuit, however, has instructed that before conducting this inquiry, district courts are to "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." <u>Gil</u>, 381 F.3d at 656 (quoting <u>Jackson v. County of McLean</u>, 953 F.2d 1070, 1072 (7th Cir. 1992)). It is only if the petitioner meets this initial "threshold showing of an attempt and failure to obtain counsel," will the Court then turn to the standard articulated in <u>Greeno</u> and <u>Farmer</u>. See <u>Gil</u>, 381 F.3d at 656.

Here, Petitioner has failed to meet his initial threshold showing of an attempt to obtain counsel unsuccessfully, which is normally demonstrated by submitting letters from attorneys who have refused to take the case. Thus, this fact alone is sufficient to support the Court's refusal to appoint or otherwise request counsel to represent Petitioner. <u>See id.</u>

II.  **MOTION FOR LEAVE TO REPLY TO GOVERNMENT'S RESPONSE**

Petitioner seeks leave of Court to file a reply to the Government's response to his § 2255 Motion. Under Rule 5(d) of the Rules Governing Section 2255 Proceedings, Petitioner "may submit a reply to the [Government's] answer or other pleading within a time fixed by the [Court]." Accordingly, Petitioner will be granted leave to file a reply to the Government's Response [Doc. #5] within 25 days of the date of this Order.

2

III. **MOTION FOR DOCUMENTATION OF PROCEEDINGS**

Rule 47 of the Federal Rules of Criminal Procedure requires all requests for a court order to be filed by motion. Fed. R. Crim. P. 47(a). Petitioner has filed the instant motion in which he requests "documentation of proceedings" in his criminal case (No. 04-10047), so that he "may respond to the governments [sic] reply" to his previously filed motion under 28 U.S.C. § 2255. However, the availability of discovery to Petitioner in the instant action is governed by Rule 6 of the Rules Governing Section 2255 Proceedings. Under Rule 6, "[a] party requesting discovery must provide reasons for the request[,]" and "[a] judge may, for good cause, authorize a party to conduct [such] discovery[.]" See Rule 6(a) and (b) of the Rules Governing Section 2255 Proceedings.

Here, Petitioner seeks discovery of "various court documents." In particular, he asks the Court to provide him with copies of transcripts of his detention, arraignment, change of plea and sentencing hearings, as well as other information not normally found in the public record (assuming any such documents exists), such as "[l]etters and correspondence between the court, the prosecution, and defense counsel," including "any and all from the probation dept." See [Doc. #9]. However, it is the standard policy of this Court to limit discovery under Rule 6 to information contained within the public record, unless

3

there is a specific showing of need or authority that would otherwise justify granting access to information not contained within the public record.  See Rule 6(b) of the Rules Governing Section 2255 Proceedings.  Petitioner, however, has made no such showing.

Accordingly, the Court will construe Petitioner's motion as one for leave to withdraw the record in his criminal case, as was done by the Government in preparing its answer to Petitioner's § 2255 Motion.  See [Case No. 04-10047, Doc. #37].  To that extent, Petitioner's Motion for Documentation of Proceedings [Doc. #9] will be granted.

IT IS THEREFORE ORDERED that Petitioner's Motion for Appointment of Counsel [Doc. #6] is **DENIED**.

IT IS FURTHER ORDERED that Petitioner's Motion for Leave to Reply to the Government's Response [Doc. #10] is hereby **GRANTED**.  Petitioner has 25 days from the date of this Order to file his Reply.

IT IS ALSO ORDERED that Petitioner's Motion for Documentation of Proceedings [Doc. #9] is construed as a motion for leave to withdraw the record in his criminal case (No. 04-10047), and is hereby **GRANTED** as such.

FINALLY, IT IS HEREBY ORDERED that the Clerk's Office is to deliver by certified mail the record in case #04-10047 to the Warden of the federal penal or correctional institution at which Petitioner is incarcerated. The Warden shall maintain custody and control of the record at all times, and shall allow Petitioner access to it for inspection and/or copying, but only under the supervision of a designated official from the prison, and at such time and place as the Warden deems necessary to ensure that these items remain intact without alteration, destruction, or other change and under such circumstances as the Warden deems necessary to maintain the orderly operation of the

institution.  On or before May 31, 2006, the Warden shall return the entire record to the Clerk's Office by certified mail.

    ENTERED this  10th  day of May, 2006.

                                /s/ Joe B. McDade
                                JOE BILLY McDADE
                       United States District Judge