# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| KEVIN HAXEL HULL | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 06-cv-1012 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N   A N D   O R D E R

Before the Court is Petitioner Kevin Haxel Hull's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 1], the Government's Response [Doc. 5], and Petitioner's Reply to the Government's Response [Doc. 17]. For the reasons that follow, Petitioner's § 2255 Motion is DENIED, all other pending Motions are MOOT.

## I.
## BACKGROUND

Petitioner was successfully targeted during an online child pornography sting. On July 21, 2004, Petitioner was indicted and charged with two counts of Enticement of a Minor in violation of 18 U.S.C. § 2422(b), two counts of Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2)(A), and one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(5)(B). (Govt.'s Resp. 4.) Counts Two, Four and Five were dismissed by motion of the Government. On January 21, 2005, Petitioner entered a guilty plea to one count of

enticing a minor and one count of distribution of child pornography. This Court held a change of plea hearing and the following colloquy took place:

> Q: Now have you fully discussed those charges and the case in general including any possible defenses that you may have with your attorney Mr. Bryning?
>
> A: Yes, sir.
>
> Q: Are you fully satisfied with the counsel, representation and advice given to you in this case by Mr. Bryning?
>
> A: Yes, sir.
>
> * * *
>
> Q: Is anyone forcing you to plead guilty?
>
> A: No.
>
> Q: Are you pleading guilty voluntarily of your freewill?
>
> A: Yes.
> (C.R. 24 at .5-7.)

Furthermore, the Court informed Hull that there would not be a trial and all of the rights associated with a trail would be waived, and Petitioner informed the Court that he understood that his rights at a trial would be waived. The Court further inquired to ensure the Petitioner was in fact guilty of the crime and asked Petitioner to explain his crime:

> Q: ... what did you do?
>
> A: On Count I corresponded on the internet via a chat room with an individual that was apparently a police officer.
>
> Q: And for what purpose did you engage in this chat room conversation?
>
> A: It was of a sexual nature.

Q: I'm sorry, what were you trying to do?

A: We discussed possibly meeting.

Q: Were you attempting to induce, entice this person to engage in sexual activity with you?

A: Yes, sir.

Q: And what was your perception of that person's age at the time you were engaging in this conversation in the chat room?

A: At one time the age given to me was 14.

Q: So during these chat room conversations that you had for the purpose of enticing this other person to engage in sexual activity with you, you thought the person was 14 years of age?

A: Yes, sir.

Q: All right. Let's talk about Count III. What did you do in connection with the charge against you in Count III that caused you to be pleading guilty to that charge; what did you do?

A: Well, through the internet chat room and various other sites on the internet I obtained and traded photographs and images.

Q: How did you go about trading photographs and images?

A: Well, there is some web sites that the pictures were just there that you can download automatically. And then there were people in chat rooms that would send pictures or ask you if you had any to send them in return.

Q: And did you send any?

A: Yes, sir.

Q: And what were those pictures depicting? What was the imagery in these pictures that you sent over the chat room to persons?

A: Apparently, underage children.

Q: Was it child pornography as defined by statute?

    A: Yes, sir.
(C.R. 24, pp. 19-21.)

    A presentence report was completed and Petitioner stated that he had no objections to the presentence report. Specifically, he filed a Commentary on Sentencing Factors on April 15, 2005, expressly stating that he "makes no objection to the presentence report." (C.R. 14 at 1.) At the sentencing hearing, this Court asked Hull if he had reviewed and discussed the presentence report with his attorney, and Hull responded, "Yes, sir." (C.R. 25 at 4.) Then this Court asked Hull if he had any objections to the presentence report, and he responded, "No, sir." (C.R. 25 at 4-5.) According to the presentence report, Petitioner's range was 188 to 235 months (C.R. 19.) This Court sentenced Petitioner at the minimum of the guideline range to 188 months imprisonment on Counts One and Three to be served concurrently. In addition, Petitioner received life supervised release and a $2,500 fine. (Govt.'s Resp. 7.)

    Petitioner filed a Notice of Appeal on April 25, 2005. (Govt.'s Resp. 7.) On July 28, 2005, Petitioner's counsel filed a motion to withdraw as counsel pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and to withdraw the appeal. (Govt.'s Resp. 7.) The Seventh Circuit Court of Appeals sent Petitioner a "Notice Re: Defendant's Counsel's Motion for Leave to Withdraw," allowing him thirty days to respond or object to the motion. (Govt.'s Resp. 7.) Petitioner responded with an acknowledgment which states

    I have been informed of my attorney's intention to move to dismiss my appeal. I concur in my attorney's decision and hereby

waive all rights to object or raise any points on appeal. I hereby acknowledge and consent to the withdrawal of this appeal but reserve my right to proceed with a collateral attack under 28 U.S.C. § 2255 motion later. (Govt.'s Resp. 7.)

Petitioner's counsel filed a motion to dismiss the appeal, and the Seventh Circuit Court of Appeals dismissed Petitioner's appeal on September 23, 2005. (Govt.'s Resp. 8.)

Petitioner now seeks relief under 28 U.S.C. § 2255. In his motion, Petitioner claims he was denied effective assistance of counsel throughout his representation during pre-trial and appeals litigation. The Government has filed a Response in which they ask this Court to dismiss the Petition.

## II.
## LEGAL STANDARD

The Court must grant a 28 U.S.C. § 2255 motion whenever a defendant's sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255. Relief under § 2255 is reserved for errors of law that are jurisdictional, constitutional, or constitute a fundamental defect which inherently results in a complete miscarriage of justice. Barnickel v. united States, 113 F.3d 704, 705 (7th Cir. 1997). Habeas corpus relief under § 2255 is granted only in extraordinary circumstances. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996). A § 2255 motion is properly denied without an evidentiary hearing when "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

### III.
### ANALYSIS

Petitioner presents the following arguments: (1) Petitioner's counsel refused to challenge the constitutionality of the indictment and sentencing statutes; (2) Petitioner's counsel refused to raise an entrapment defense; (3) Petitioner's counsel refused to challenge the pattern of activity allegations in Petitioner's record; (4) Counsel refused to challenge the imposition of a fine; (5) Counsel did not challenge the time factors of previous alleged crimes; (6) Counsel coerced Petitioner into changing his statement to Naperville police; (7) Counsel did not challenge Petitioner's previous home invasion and rape charge at Petitioner's bond reduction hearing; (8) Counsel coerced Petitioner into pleading guilty; (9) Counsel did not follow through with Defendant's appeal; (10) Counsel failed to correct allegations in the indictment; (11) Counsel failed to discuss the warrant and consent form; (12) Counsel failed to correct errors in the judgment; (13) Counsel failed to advise him that by pleading guilty the evidence would not be reviewed by the court; and (14) Counsel coerced Petitioner into withdrawing his appeal.[1]

A petitioner can raise ineffective-assistance-of-counsel claims in collateral proceedings, even if the claim could have been raised on direct appeal. Massaro v. United States, 538 U.S. 500 (2003). Claims of ineffective assistance of counsel are governed by the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). In order to prevail on an ineffective assistance of counsel claim, a petitioner

---

[1] Petitioner lists even more arguments, such as "actual innocence" in his Response that also serves as his affidavit. (Doc. 17.) However, these additional arguments are never expounded upon so this Court has not considered them.

must show: (1) that his trial counsel's performance fell below objective standards for reasonably effective representation, and (2) that the deficiency prejudiced his defense. Strickland, at 688. Furthermore, courts are "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." United States v. Shukri, 207 F.3d 412, 418 (7th Cir. 2000).

To satisfy the first prong of the Strickland test, the petitioner must point to specific acts or omissions of his counsel. Fountain v. United States, 211 F.3d 429, 434 (7th Cir. 2000). The Court must then consider whether in light of all of the circumstances, counsel's performance fell outside the wide range of reasonable professional assistance, keeping in mind that an attorney's trial strategies are a matter of professional judgment. Harris v. Reed, 894 F.2d 871, 877 (7th Cir. 1990). For the second prong, a plaintiff must show with reasonable probability that but for counsel's errors, the proceeding would have resulted in a different outcome. Fountain, 211 F.3d at 434.

**1. Pretrial Proceedings**

Many of Petitioner's arguments relate to his counsel's effectiveness during his pretrial detention hearing and Petitioner argues that prejudicial evidence was admitted at that hearing. A post-conviction habeas petition is not the proper avenue for challenging evidentiary rulings during a pretrial bond hearing. Section 2255 allows for a Petitioner to claim the right to be release "…upon the ground that the sentence was imposed in violation of the Constitution…." Petitioner has since pled guilty to underlying crimes and is currently serving his sentence. Any errors

7

that occurred during his pretrial detention hearing are now moot since they would not impact his ultimate conviction and sentence. As a result, § 2255 does not provide an avenue for challenging the findings made during a pretrial detention hearing.

Petitioner further alleges that the inadmissible evidence admitted at the hearing prejudiced his ultimate sentencing. However, the detention hearing was before United States District Judge Michael M. Mihm. This Court was entirely unaware of any of the evidence presented at the pretrial hearing and did not consider any evidence from the detention hearing at sentencing.

### 2. Guilty Plea

Petitioner argues that he was denied effective assistance of counsel during his guilty plea. A petitioner cannot rely upon self-serving statements, but must present evidence, typically in the form of sworn affidavits, to support the allegations. Duarte v. United States, 81 F.3d 75, 76 (7th Cir. 1996). Furthermore, for a Court to hold a hearing on a § 2255 petition "the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996). Likewise, no hearing is necessary if the allegations "are mere conclusions or are inherently unreliable." Barker v. U.S., 7 F.3d 629, 633 (7th Cir. 1993).

In this case, Petitioner makes numerous arguments but his only sworn affidavit (Doc. 17) describes very few specific facts regarding Petitioner's private

interactions between him and his counsel. The only specific facts alleged are (1) that Petitioner instructed his counsel to challenge the constitutionality of the indicting statutes, sentencing guidelines and sting operation (Doc. 17 at 9-10); (2) that Petitioner's counsel told Petitioner "at the onset," that he would obtain an acquittal, "but if convicted, he would obtain a minimum sentence…." (Doc. 17 at 4) and (3) that while his Counsel informed him of the presentencing investigation, they did not agree on the presentencing investigation (Doc. 17 at 8).

Petitioner's arguments go well beyond the few detailed facts alleged in his affidavit. (Doc. 17.) Petitioner's affidavit does not contain any specific descriptions of coercion or pressure from his counsel. Specifically, the affidavit does not contain any specific descriptions of coercion by his counsel to plead guilty, or coercion to change his statements to the Naperville police. The affidavit does not contain any specific descriptions that Petitioner was coerced into withdrawing his appeal and does not contain any details of his counsel or the government pressuring Petitioner's wife.

Furthermore, this Court gives no weight to the facts alleged in his affidavit since his affidavit flies directly in the face of Petitioner's statements during the plea colloquy. Specifically, Petitioner stated in the colloquy that he had discussed the charges and possible defenses with his counsel, he was fully satisfied with his counsel's representation, that no one had pressured him into pleading guilty, and that he was voluntarily pleading guilty of his own free will. (C.R. at 4-7, 19-21.) See United States v. Loutos, 383 F.3d 615, 619 (7th Cir. 2004) (explaining that

9

representations made under oath during plea colloquy are presumed truthful). Nevertheless, out of an abundance of caution, this Court will address the factual allegations in Petitioner's affidavit.

First, Petitioner alleges that he told his counsel to challenge the constitutionality of the indicting statute, sentencing guidelines and sting operation. For Petitioner to state a claim of ineffective assistance he must show that his counsel was objectively deficient. <u>Strickland</u>, 466 U.S. at 688. Lawyers are not expected to pursue every conceivable avenue; they are entitled to be selective. <u>United States v. Davenport</u>, 986 F.2d 1047, 1049 (7th Cir. 1993).

In this case there is no basis to conclude that the indicting states are unconstitutional. <u>See</u> <u>United States v. Angle</u>, 234 F.3d 326 (7th Cir. 2000) (holding that the 18 U.S.C. § 2252 is a constitutional application of the Commerce Clause). Courts have held that the statutes do not require that Petitioner actually entice an underage individual, only that he believed that he was enticing an underage individual.[2] <u>Id.</u> Likewise, courts have held that the statute is not overly broad. <u>See</u> <u>United States v. Dhingra</u>, 371 F.3d 557, 562 (9th Cir. 2004). Likewise, it is clearly constitutional for courts to use the sentencing guidelines in their proper advisory capacity. <u>See</u> <u>United States v. Booker</u>, 543 U.S. 220 (2005). Petitioner's counsel was not objectively deficient for needlessly complicating this case by raising these frivolous issues.

---

[2] In particular, in this case, Petitioner specifically stated at the plea colloquy that he believed that he was communicating online with a fourteen year old girl.

Petitioner also wanted his counsel to argue that the sting operation was unconstitutional because it was a form of entrapment. The essential elements of a claim of entrapment are (1) a lack of a predisposition on the part of the defendant to engage in criminal conduct and (2) government inducement of the crime. United States v. Millet, 510 F.3d 668, 675 (7th Cir. 2007). There is no evidence in the record that suggests that Petitioner would have been able to meet either of these elements and present a successful entrapment defense. See, e.g., United States v. Veazey, 491 F.3d 700, 710 (7th Cir. 2007). In particular, the Court notes that according to the record, Petitioner repeatedly initiated contact with the online undercover police officer posing as a fourteen year old girl. Petitioner does not dispute this fact in his affidavit. As a result, there is no basis for this Court to believe that he would have been able to argue that there was a lack of a predisposition on his part to engage in criminal conduct.

Petitioner alleges in his affidavit states that his counsel "promised, at the onset, that he would obtain an acquittal, but if not, he could obtain the minimum sentence." This alleged promise is not enough to merit an evidentiary hearing.

First, Petitioner has not adequately described the facts regarding this alleged promise by his counsel. Key v. United States, 806 F.2d 133, 139 (7th Cir. 1986) (allegations that counsel made promises to a defendant must be supported by allegations specifying the terms of the alleged promises, when, where and by whom such promises were made, and the precise identity of any witnesses to such promises). Petitioner stated that he was pleading guilty of his own free will.

11

Petitioner fails to give the basic details concerning when and where this promises were made as well as the details of the promise.

Second, Petitioner was not prejudiced by his counsel's alleged promise to obtain an acquittal or a minimum sentence. Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, Petitioner would not have pled guilty. Tezak v. United States, 256 F.3d 702, 712 (7th Cir. 2001). Petitioner was not prejudiced by any alleged promise that he would receive a minimum sentence because Petitioner *did* receive the minimum sentence under his guideline range. Furthermore, Petitioner clearly was not taken in with his counsel's alleged promise of an acquittal because Petitioner pled guilty. In addition, according to Petitioner's affidavit, this promise was made "at the onset." The affidavit does not suggest that this promise was made near his guilty plea so it did not have any impact on Petitioner's decision to plead guilty.

### 3. Sentencing

Petitioner also alleges that he received inadequate representation during sentencing. Petitioner alleges that there were errors in the presentecing investigation. However, Petitioner's affidavit does not provide any detailed description of any actual errors in the presentence report. According to Petitioner, the presentence report contained the false allegation that Petitioner had sexual relations with his eight and twelve year old daughter and his four year old son. First, the presentence report simply stated that Petitioner had told others online that he had engaged in this behavior. It did not allege that such events actually

happened. Furthermore, Petitioner did not receive an enhancement because of this allegation and this Court did not take this allegation into account at sentencing. Once again, Petitioner was sentenced at the bottom of his guideline range.

Petitioner also challenges the imposition of a fine. According to Petitioner, the Court ruled that Petitioner was not able to pay the fine. However, this Court never made such a ruling and there is nothing in the Court record which suggests that Petitioner was not able to pay the fine. The only reference to Petitioner's fine in the record is where the Court determined that Petitioner would be able to pay the fine out of income earned in prison. (C.R. at 45-46.) In the absence of a specific finding by this Court, this Court will not consider this argument.

**4. Appeal**

Lastly, it is necessary to address Petitioner's claim that he was denied effective assistance on appeal. Petitioner's affidavit does not address the issue of his appeal and does not include any facts which suggest that he was denied effective assistance on appeal. Petitioner clearly stated to the appellate court that "I hereby waive all rights to object or raise any points on appeal. I hereby acknowledge and consent to the withdrawal of this appeal…." (Govt.'s Resp. 7.) Accordingly, Petitioner's rights to an appeal were knowingly waived.

## IV.
## ADDITIONAL ISSUES

Petitioner has final numerous other motions that are currently pending before the Court including a Motion for an evidentiary hearing (Doc. 15). Because

Petitioner has not demonstrated that his underlying request for habeas relief could have any merit, these additional motions are MOOT.

## V.
## CONCLUSION

IT IS THEREFORE ORDERED that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED. All other pending Motions are MOOT.

CASE TERMINATED

ENTERED this <u>2nd</u> day of September, 2008.

<u>s/ Joe B. McDade</u>
Joe Billy McDade
United States District Judge